UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:18-cr-278-1 |
| PRESMER, LLC<br>Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, Steve Schammel, Assistant United States Attorney, Richard J. Powers, Trial Attorney, Environmental Crimes Section, United States Department of Justice, and Presmer, LLC ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and/or 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with smuggling, in violation of Title 18, United States Code, Section 545. Defendant, by entering this plea, agrees that it is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 545, for an organization is a term of probation of not less than 1 nor more than 5 years and

a fine of not more than $500,000. *See* Title 18, United Stated Code, Sections 3561(c)(1) and 3571(c)(3).

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay a special assessment in the amount of $400.00 per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Cooperation**

4. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to, conspiracy, smuggling, false statements, mail / wire fraud, and Lacey Act and Endangered Species Act violations. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees to provide to the United States all documents in its possession or under its control relating to all areas of inquiry and investigation; and

(b) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that it remains bound by the terms of this agreement and cannot, for that reason alone, withdraw its plea.

**Waiver of Appeal and Collateral Review**

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of

conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks the conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that it may have received from defense counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce its guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the agreement are made in exchange for the concessions made by the United States in this plea agreement.

**Agreement Binding - Southern District of Texas and Environmental Crimes Section Only**

8. The United States Attorney's Office for the Southern District of Texas and the Environmental Crimes Section, Department of Justice, agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Environmental Crimes Section and Defendant. It does not bind any other United States Attorney's Office or section of the Department of Justice. The United States Attorney's Office for the Southern District of Texas and/or the Environmental Crimes Section will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

11. Defendant understands that by entering into this agreement, it surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree; and
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and its attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other

evidence on its behalf. If the witnesses for Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because the organization is in fact guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Presmer, LLC (Presmer) is a limited liability company formed under the laws of Texas on December 22, 2010. During all relevant times to the Information, Annsley Popov was the managing member and sole operator of the company, which she ran out of her private residence in Houston. Presmer is in the business of selling women's accessories such as handbags, bracelets, and sandals that are made from python or stingray skin. Presmer purchased these items from two suppliers in Indonesia.

In order to import wildlife into the Unites States, Presmer was required to obtain an Import / Export Permit from the United States Fish and Wildlife Service (FWS Permit). In addition, any wildlife being imported must be declared using FWS Declaration for Importation of Fish or Exportation of Fish or Wildlife (Form 3-177). Lastly, to import any species of wildlife that is identified in Appendix II of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), a certificate or permit from the country of origin must be obtained and accompany the shipment into the United States.

Presmer applied for its initial FWS Permit on December 30, 2010. In the permit application, Annsley Popov identified herself as the Principle Officer of Presmer with the title "President" and certified that she read, and was familiar with, the applicable FWS regulations

6

including those addressing proper procedures for the import of wildlife. The first FWS permit was issued to Presmer on February 3, 2011, and was effective for one year. Presmer has renewed the FWS Permit every year since. Under the terms of the FWS Permit, and applicable federal regulations, Presmer was required to maintain records of all wildlife purchased, transported, imported, exported and / or sold for five years from the date of the permit's expiration. Presmer began importing merchandise made from wildlife soon after receiving the FWS permit.

On or about December 22, 2011, a United States Department of Agriculture, Smuggling Interdiction and Trade Compliance (USDA SITC) Inspector detained and examined a package at the DHL sorting facility in the George Bush Intercontinental Airport, Houston, Texas, that was shipped from Indonesia and addressed to Presmer at Annsley Popov's residential address. The package was found to contain 31 python skin handbags and 160 python skin bracelets. There was no accompanying Declaration Form 3-177 nor CITES Permit as required by law. The results of the inspection were referred to the FWS.

On January 4, 2012, a FWS Special Agent met with Annsley Popov at the FWS Office in Houston, and discussed the unlawful December 22, 2011 import of wildlife from one of Presmer's suppliers in Indonesia. During this meeting, the FWS Special Agent outlined the proper procedures for importing python skin products, including the necessity of filing a Form 3-177 and obtaining a CITES permit from the country of origin. The meeting ended with the FWS Agent issuing a Notice of Violation (NOV) to Presmer and Annsley Popov. On January 11, 2012, Presmer and Annsley Popov forfeited collateral in lieu of a court appearance for the NOV and forfeited the contents of the December 22, 2011 illegal shipment of wildlife products from Indonesia.

On February 11, 2013, a USDA SITC Inspector detained and examined another package at the DHL sorting facility in Bush Airport that was shipped from Indonesia and addressed to Presmer at Annsley Popov's residential address. This package was found to contain 44 handbags made from python skin, 11 whole python skins, and 230 pieces of decorative chain. There was no accompanying Declaration Form 3-177, nor CITES permit. The accompanying waybill outside the package falsely identified the contents "44 PCS synthetic wallet," and the packing list identified the contents as "Synthetic wallet 24 pcs / Synthetic Wallet Natural clutch 10 pcs / Synthetic Wallet Black Clutch 10 pcs." The DHL package was turned over to the FWS. Later the same day, after clandestinely marking each of the python-skin handbags in the DHL package, FWS released the package to be delivered to Presmer. On February 12, 2013, DHL delivered the package with the false waybill and packing list to Annsley Popov. On March 28, 2013, an undercover FWS Special Agent made a purchase of a "Maria" style python-skin handbag from a boutique shop located in Houston. Upon examination, this handbag was discovered to contain the clandestine marking placed there by FWS agents on February 11, 2013.

On May 17, 2013, a USDA SITC Inspector detained a third DHL package from Indonesia, addressed to Presmer containing 202 pairs of python-skin sandals, 4 python-skin purses, and 131 stingray-skin cuff bracelets. Again, there was no accompanying Declaration Form, no CITES permit and the attached waybill and invoice falsely described the contents as "232 pcs of rubber sandals, synthetic wallets and synthetic cuff." The DHL package was turned over to the FWS. That same day, a FWS Special Agent contacted Annsley Popov and reported that a package containing an illegal import of wildlife from one of her suppliers in Indonesia, addressed to Presmer at her residence, had been seized and requested a meeting to discuss the matter. On May 28, 2013, a FWS Special Agent met with Annsley Popov. During the meeting, Annsley Popov

8

admitted to the FWS Special Agent that she failed to declare shipments of wildlife merchandise imported from Indonesia.

Subsequent review of additional shipping documents provided by DHL, revealed that from December 22, 2011, to May 17, 2013, Presmer and Annsley Popov imported at least 13 shipments containing approximately 1,865 pieces of merchandise made of python or stingray skin, to include python-skin handbags, sandals, and bracelets and stingray-skin sandals and bracelets, contrary to the laws of the United States, by making and using false invoices and waybills, failing to prepare or file a Declaration Form 3-177, and failing to obtain a CITES permit from the country of origin for the python-skin products. The invoices for the first two shipments falsely identified the merchandise in the shipment as being made from "cow leather." The invoices for the other 11 shipments identified the merchandise as being either "synthetic" or made from "rubber." [A review of emails from Annsley Popov's Yahoo account, seized pursuant to lawful search warrant, revealed that she ordered the merchandise contained within the 13 shipments and that she received invoices from her supplier that were different than those that accompanied the DHL shipments].

## Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

14. This plea agreement is being entered into by the United States on the basis of Defendant's express representation that it will make a full and complete disclosure of all assets over which it exercises direct or indirect control, or in which it has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which it has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of its assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Fines

18. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

19. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and its attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against it and that it is pleading guilty freely and voluntarily because it is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at HOUSTON, Texas, on MAY 31, 2018.

_____
Defendant (by its Representative)

Subscribed and sworn to before me on MAY 31, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____        _____
Steven T. Schammel   by Belinda Beek   Richard J. Powers
Assistant United States Attorney       Trial Attorney
Southern District of Texas             Environmental Crimes Section
Telephone: (713) 567-9325              Telephone: (202) 514-5472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO. 4:18-cr-278** |
| **Presmer, LLC**<br>      **Defendant.** | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant its rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        ____5/31/18_____
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        ____5/31/18_____
Defendant Presmer, LLC                Date
                                      5/31/18

13